UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

VOICESTREAM MINNEAPOLIS, INC.,
f/k/a APT Minneapolis Inc.,

CIVIL NO. 01-483 (RHK/JMM)

Plaintiff,

v.

PRETRIAL SCHEDULING ORDER

CITY OF SUNFISH LAKE,

Defendant.

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive determination of this action, the following schedule shall govern these proceedings. The schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3.

Pleadings/Disclosures

June 26, 2001 - All pre-discovery disclosures required by Rule 26(a)(1) shall be completed by Plaintiff.

July 9, 2001 - All pre-discovery disclosures required by Rule 26(a)(1) shall be completed by Defendant.

August 1, 2001 - All motions which seek to amend the pleadings or add parties must be served and filed.

Discovery/Nondispositive Motions

Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared

Filed JUN 19 2001
Francis E. Dosal, Clerk
Judgment Entered ____________
Deputy Clerk's Initials ____________

and signed by the expert witness, shall be made as follows:

July 15, 2001 - By Plaintiff
August 1, 2001 - By Defendant

September 1, 2001 - All discovery of any kind shall be commenced in time to be completed by this date.

September 5, 2001 - All non-dispositive motions and supporting documents, including those which relate to discovery, shall be served and filed. Nondispositive motions may be scheduled for hearing by calling Katherine Haagenson, Calendar Clerk to Magistrate Judge John M. Mason, (651) 848-1190. All nondispositive motions shall be scheduled, filed and served in compliance with Local Rules 7.1, 37.1 and 37.2. A Reply Memorandum not exceeding five pages may be delivered to opposing counsel and the chambers of this Court no later than 9:00 a.m. on the business day preceding the hearing.

Dispositive Motions/Trial

November 1, 2001 - All dispositive motions shall be served and filed by the parties and heard by the Court. Counsel are reminded that they must anticipate the time required for scheduling this hearing by calling Calendar Clerk Deb Siebrecht, (651) 848-1166. All dispositive motions shall be scheduled, filed and served in compliance with Local Rule 7.1. See particularly Local Rule 7.1(b)(2)(A) through (E).

This case shall be ready for trial at the conclusion of discovery or upon resolution of any dispositive motion, and no later than January 1, 2002. The parties estimate that trial of this Non-Jury matter will take 1 day.

General

The Court does not expressly limit the number of depositions or written discovery devices which may be employed by the parties. The attention of the parties is called to the provisions of Rule 26(g). If necessary, the Court will rule on objections to specific discovery. See also Rule 37(a)(4).

Each party may depose no more than 2 experts.

Each party may call no more than 2 experts at trial.

Dated: June 19, 2001

JOHN M. MASON
United States Magistrate Judge

MEMORANDUM

We provide this brief Memorandum, since this case presents newly emerging legal questions concerning the standards to be applied by the District Court in receiving evidence, and in weighing the evidence which is received.

Plaintiff applied for a permit to construct "personal wireless service facilities" in the City of Sunfish Lake, triggering the provisions of 42 U.S.C. § 332. In connection with its application, Plaintiff sought a rezoning of the area, a conditional use permit to allow a tower in the area as rezoned, and an interim use permit to allow installation of a security fence during construction. The application was approved on February 14, 2001as to these matters. Plaintiff also sought a variance from the 75-foot tower height restrictions of the City Ordinance, preferring to construct a tower 130 feet high. The City denied the tower variance application at the same meeting. The Complaint challenges the decision of the City not to grant the variance for the higher tower.

At issue in particular in this litigation are the provisions of 42 U.S.C. § 332(c)(7)(A) and (B). Subdivision (A) preserves the power of State or local government "over decisions regarding the placement, construction, and modification of personal wireless service facilities, except as specified elsewhere in the paragraph.

Subdivision (B)(I) specifies that the City "(I) shall not unreasonably discriminate among providers of functionally equivalent services; and (II) shall not prohibit or have the effect of prohibiting the provision of personal wireless services." In reviewing the Rule 26(f) statement of the parties, it does not appear that Plaintiff contends that either of these provisions is violated. (Although the Complaint alleges that the City has discriminated against Plaintiff, the basis for this allegation is not apparent from any of the allegations or Exhibits to the lengthy Complaint.) Subdivision (B)(iii) provides: "Any decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record." It appears that it is this provision upon which Plaintiff relies. (The subject matter as to which the "substantial evidence" is to relate is not specified in the statute.)

Section 332(c)(7)(B)(v) provides jurisdiction for the Court to hear an action brought by "any person adversely affected by any final action or failure to act" by the City on applications like those at issue, as long as it is brought "within 30 days after such action or failure to act." To date, only the Plaintiff has brought such an action. This action was commenced on March 16, 2001, contending that the action of the City Council on February 14, 2001 was final action. At some time, the City Council voted to reconsider the decision to deny the variance for the 130-foot tower. The Court is advised that the denial of the tower variance will be reconsidered at a meeting on July 19, 2001.

It is unclear whether the action of February 14, 2001 constitutes "final action." If the City were to reverse its decision, and to vote to grant the permit, presumably "any

person adversely affected" by that decision would have 30 days thereafter to commence an action. But if the City were to decide that it would not alter its decision to deny the permit, it is less clear whether this would be a "final action" which would permit the commencement of a new action. Nor is it clear in either event as to whether the evidence presented in the reconsideration proceeding would be part of the record in the instant matter, nor whether expert testimony or other factual testimony may be developed. Given these uncertainties, we have issued a Pretrial Scheduling Order which contemplates that some limited discovery will be undertaken, and that expert opinion evidence will be presented. We do this without prejudice to the right of any party to bring a Motion for a Protective Order or by other means present to the Court legal and factual authority which has a bearing on whether the Court should order that neither discovery nor expert witnesses be permitted, or any other limitation which may be appropriate.

Section 332(c)(7)(B)(v) provides that after an action such as this one is commenced, "the Court shall hear and decide such action on an expedited basis." However, neither Plaintiff nor Defendant have concluded that an early decision is needed in this matter. They have agreed on two extensions of time for the Answer, and deferred the holding of the Rule 26(f) conference among counsel, and the filing of the disclosures required by Rule 26(a)(1). This Court declined further postponements of the Pretrial Scheduling Conference, and has issued this Order with the expectation that it sets minimum standards for completion of pretrial activity in this matter. Upon proper application by the parties, it is possible that the matter may be further expedited. While it is commendable that the parties are undertaking efforts to determine whether a disposition

of this matter may be achieved without need of further litigation, the continuing pendency of this litigation should not be seen as a tool for use in achieving resolution of the underlying dispute.

J.M.M.